IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-67,625-01





EX PARTE CARL PINNER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 3748-A IN THE 154TH DISTRICT COURT


FROM LAMB COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to life imprisonment and a $10,000 fine.

 Applicant contends that his counsel rendered ineffective assistance because counsel failed
to timely file a notice of appeal. Applicant has alleged facts that, if true, might entitle him to relief. 
Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Axel, 757 S.W.2d 369 (Tex. Crim. App.
1988). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334
S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for making findings
of fact. The trial court shall provide counsel with the opportunity to respond to Applicant's claim
of ineffective assistance of counsel on appeal. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether trial counsel advised Applicant of
his right to appeal, whether counsel knew Applicant desired to appeal, whether counsel provided
Applicant with a written notice of appeal to file before he was allowed to withdraw, and whether
anyone advised Applicant that he could file a written notice of appeal without being represented by
counsel. The trial court shall also make any other findings of fact and conclusions of law that it
deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

DELIVERED: June 13, 2007

Do not publish